# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2011

No. 10-30445

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EARL WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-cr-223-1

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Earl Williams appeals his conviction by guilty plea of the offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In his guilty plea, Williams reserved the right to challenge the district court's denial of his motion to suppress statements made by Williams to law enforcement officers as well as any evidence obtained by way of those statements. Williams argues on appeal that the district court's failure to suppress such evidence was error because the statements made to law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30445

enforcement officers while in custody were not made pursuant to a knowing and intelligent waiver of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

## I.

An Alcohol, Tobacco & Firearms joint law enforcement task force received a tip that Williams and his girlfriend, Lakesha Dowl had received stolen firearms. Thereafter, law enforcement officers questioned Williams and Dowl about their knowledge of the firearms. Williams told the officers at that time that he had not received a firearm. Williams and Dowl then agreed to accompany the officers to their office for a formal interview. Before the interview began, Detective Robert Stoltz advised Williams of his *Miranda* rights. Specifically, Detective Stoltz read Williams his rights from a form that provided the following bulleted statement of rights:

- You have the right to remain silent.

- Anything you say can be used against you in court.

- You have the right to talk to a lawyer before we ask you any questions and to have a lawyer with you during questioning.

- If you cannot afford a lawyer, one will be appointed for you if you wish before any questioning begins.

- If you decide to answer any questions now without a lawyer present, you have the right to stop answering at any time.

The form was positioned in such a manner that Williams could read his rights along with Detective Stoltz. Williams thereafter signed a waiver that stated

> I have read this statement of my rights or it has been read to me, and I understand these rights. At this time I am willing to answer questions without a lawyer present. No promises or threats have been made to me, and no pressure or force of any kind has been used against me.

No. 10-30445

Williams told Detective Stoltz that he understood his rights and would talk. Detective Stoltz testified that Williams appeared to understand his rights, that there was no reason to believe that he did not understand, and that he was not confused about the fact that if he gave a statement it could be used against him. Williams then proceeded to give Detective Stoltz a coherent statement admitting to firearm possession. About forty minutes into the interview, Detective Stoltz began to record Williams's statement in compliance with his usual interview procedure.

Following an evidentiary hearing, the district court made a factual finding that, based on the totality of the circumstances surrounding the interrogation, Williams made a knowing and intelligent waiver of his *Miranda* rights. Williams pled guilty and was sentenced to time served.

## II.

We review a district court's determination that a defendant knowingly and intelligently waived his *Miranda* rights for clear error. *See United States v. Andrews*, 22 F.3d 1328, 1340 (5th Cir. 1994). Thus, we will not reverse a district court's finding of a knowing and intelligent waiver "unless we are left with the definite and firm conviction that a mistake has been committed." *Id.* When reviewing the record, we must consider all of the evidence presented at the suppression hearing "in the light most favorable to the prevailing party, which in this case is the government." *United States v. Raney*, — F.3d —, No. 10-20007, 2011 WL 474739, at *3 (5th Cir. Feb. 9, 2011) (internal marks and citation omitted).

A waiver is knowingly and intelligently made when it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). When making this determination, the court must consider the totality of the circumstances surrounding the interrogation and waiver. *See id.* These

3

circumstances include the defendant's mental deficiencies, age, and familiarity with the criminal justice process. *See Cooper v. Griffin*, 455 F.2d 1142, 1145 (5th Cir. 1972).

Williams argues that he could not knowingly and intelligently waive his *Miranda* rights because he lacked the mental capacity to do so and the district court's factual finding to the contrary is clearly erroneous. Williams urges this court to find that the district court erred by rejecting Dr. Susan Andrews's expert opinion that Williams could not have understood or appreciated his *Miranda* rights. Specifically, he contends that the district court's explanation for why it did not find Dr. Andrews's opinion persuasive suggests that it did not appreciate the nature of Williams's impairment.

Dr. Andrews testified that Williams is borderline mentally retarded and suffers from mixed receptive-expressive language disorder. This disorder, she found, impairs his ability to comprehend complex sentences, or two or more sentences together. Due to his disorder, she concluded that Williams understands at the level of a kindergartner and does not possess the mental capacity to understand all of his *Miranda* rights.

The record demonstrates that the district court, sitting as a fact finder, considered and understood Dr. Andrews's opinion but ultimately rejected it. It did so for several reasons. The district court found Dr. Andrews's methodology for reaching the conclusion that Williams could not knowingly and intelligently waive his rights weak and unpersuasive. The district court noted that Dr. Andrews failed to adequately explain how she reached her conclusion and indicated that it found persuasive the fact that Williams's statement to Detective Stoltz was not confused—he was asked simple questions and his responses were not hesitant. The district court also questioned the facts upon which Dr. Andrews's opinion was built and Williams's veracity. For example, Dr. Andrews

stated in her report that Williams was illiterate and could not read but evidence in the record indicated otherwise.

The district court further noted that Dr. Andrews did not consider Williams's prior experience with the criminal justice system. Dr. Andrews stated that she did not find such experience relevant in determining whether he understood his rights. However, such evidence should be considered when determining whether a defendant knowingly and intelligently waived his rights. *See Cooper*, 455 F.2d at 1145. The record demonstrates that Williams had a reasonably good understanding of criminal courtroom procedure and spoke with familiarity about the criminal justice process. By age twenty-seven, Williams had a conviction for possession with intent to distribute crack cocaine and had been arrested on at least fifteen other occasions. Detective Stoltz testified that it was standard procedure to advise someone of their *Miranda* rights as part of an arrest and that Williams had been read his rights on several prior occasions.

We have reviewed the record and the briefs of the parties and cannot conclude that the district court's decision to reject Dr. Andrews's opinion constitutes reversible error. Viewing the evidence in the light most favorable to the government, as we must, we hold that the district court's finding that Williams knowingly and intelligently waived his rights under *Miranda* is plausible in light of the record as a whole and is therefore not clearly erroneous. **AFFIRMED.**